**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| USA SATELLITE & CABLE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W. JAMES MAC NAUGHTON and )<br>CASCO BAY HOLDINGS, LLC, )<br>)<br>Defendants. )<br>_____)<br>W. JAMES MAC NAUGHTON and )<br>CASCO BAY HOLDINGS, LLC, )<br>)<br>Third-Party Plaintiffs/Cross-Plaintiffs, )<br>)<br>v. )<br>)<br>USA SATELLITE & CABLE, INC., SHAI )<br>HARMELECH, ALDEN MANAGEMENT )<br>SERVICES, INC., LEYDIG, VOIT & )<br>MAYER, LTD, and CARL DREYER, )<br>)<br>Third-Party Defendants/Cross-Defendants. ) | Case No. 15 C 6331<br><br>Judge Amy J. St. Eve |

**ORDER**

The Court grants Third-Party Defendant Alden Management Services, Inc.'s ("Alden") motion to dismiss because Third-Party Plaintiff Casco Bay Holdings, LLC ("Casco Bay") improperly joined Alden as a Third-Party Defendant in violation of Federal Rule of Civil Procedure 14(a). [103]. The Court dismisses Third-Party Defendant Alden from this lawsuit.

**STATEMENT**

On July 20, 2015, Defendants Casco Bay and W. James Mac Naughton ("Mac Naughton") removed three related lawsuits from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. On October 21, 2015, Casco Bay filed its First Amended Cross-Claims and Third-Party Claims, including two third-party claims against Third-Party Defendant Alden. Before the Court is Alden's motion to dismiss. For the following reasons, the Court grants Alden's motion and dismisses Alden as a Third-Party Defendant from this lawsuit.

## BACKGROUND

The three related state court cases that Defendants removed from the Circuit Court of Cook County include actions that USA Satellite & Cable, Inc. ("USA Satellite") brought against its current or former customers. In November and December 2014, USA Satellite and their customers agreed to settle these lawsuits. In the interim, on November 8, 2014, Casco Bay sent a letter to USA Satellite and its customers claiming a security interest in the settlement amounts via an assignment. According to Casco Bay, on August 8, 2014, it filed a UCC-1 financial statement with the Illinois Secretary of State perfecting its security interest in the collateral of certain property owned by USA Satellite. Before removal of the state court action, USA Satellite filed two claims contesting the validity of the assignment and security interest alleging that Defendant Mac Naughton, USA Satellite's former attorney, breached his fiduciary duty to USA Satellite. USA Satellite also alleges a tortious interference of contract claim against both Defendants Casco Bay and Mac Naughton. USA Satellite's claims are currently pending in this lawsuit.

After removal, Casco Bay filed its First Amended Cross-Claims and Third-Party Claims alleging that Third-Party Defendant Alden – USA Satellite's largest customer – aided and abetted USA Satellite's conversion of the "Alden Collateral" in Count XIII and that Alden converted the "Alden Collateral" in Count XIV. To clarify, USA Satellite allegedly pledged future revenues that it would receive from Alden as a security payment for certain obligations. Casco Bay describes these future revenues as the "Alden Collateral." Further, Casco Bay alleges that on August 8, 2014, it notified Alden about its right to collect the "Alden Collateral," but that Alden continued to pay USA Satellite the relevant funds until December 2014. Casco Bay alleges that after December 2014, Alden has retained possession of the "Alden Collateral."

## LEGAL STANDARD

Under Rule 14(a), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a). The "distinguishing characteristic of a claim brought under Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff." *Louisiana Firefighters' Ret. Sys. v. N. Trust Invest., N.A.,* No. 09 C 7203, 2012 WL 601861, at *2 (N.D. Ill. Feb. 23, 2012). Put differently, a claim under Rule 14(a), also known as impleader, "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant." *Ashley v. Schneider Nat'l Carriers,* Inc., No. 12 C 8309, 2015 WL 4550126, at *4 (N.D. Ill. July 23, 2015). "[I]mpleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." 6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1442 (3d ed.).

## ANALYSIS

Here, Casco Bay cannot add Alden as a Third-Party Defendant to this lawsuit because there are no claims that Alden is liable to Plaintiff USA Satellite regarding its claims against Casco Bay and James Mac Naughton for breach of fiduciary duty and tortious interference with contract. In other words, there are no claims in this lawsuit that Alden is secondarily or derivatively liable as required under Rule 14(a). *See Dultra v. U.S. Med. Home, Inc.,* No. 13 C 7598, 2016 WL 1213763, at *5 (N.D. Ill. Mar. 28, 2016) ("A third-party complaint 'must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff.'") (emphasis in original) (citation omitted); *see also U.S. Gen., Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979) (secondary liability "is a plain condition on the face of Rule 14"). Because Casco Bay is bringing independent claims against Alden, Casco Bay's attempt to add Alden as a third-party is prohibited under Rule 14(a). Therefore, the Court grants Alden's motion to dismiss without prejudice.

**Dated:** June 8, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**