# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| USA SATELLITE & CABLE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15 C 6331 |
| W. JAMES MAC NAUGHTON and ) | |
| CASCO BAY HOLDINGS, LLC, ) | Judge Amy J. St. Eve |
| ) | |
| Defendants. ) | |
| _____) | |
| W. JAMES MAC NAUGHTON and ) | |
| CASCO BAY HOLDINGS, LLC, ) | |
| ) | |
| Third-Party Plaintiffs/Cross-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| USA SATELLITE & CABLE, INC., SHAI ) | |
| HARMELECH, ALDEN MANAGEMENT ) | |
| SERVICES, INC., LEYDIG, VOIT & ) | |
| MAYER, LTD, and CARL DREYER, ) | |
| ) | |
| Third-Party Defendants/Cross-Defendants. ) | |

## ORDER

The Court grants Third-Party Defendant Leydig, Voit & Mayer, Ltd.'s ("Leydig") motions to dismiss Third-Party Plaintiff's Casco Bay Holdings, LLC's ("Casco Bay") and W. James Mac Naughton's ("Mac Naughton") allegations against it with prejudice. [105, 107]. The Court dismisses Leydig as a Third-Party Defendant from this lawsuit.

## STATEMENT

On July 20, 2015, Defendants Casco Bay and Mac Naughton, the owner and President of Casco Bay, removed three related lawsuits from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. On October 21, 2015, Defendants Casco Bay and Mac Naughton filed their First Amended Cross-Claims and Third-Party Claims, including claims against Third-Party Defendant Leydig, a Chicago-based law firm. Before the Court is Leydig's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Leydig's motions with prejudice and dismisses Leydig as a Third-Party Defendant from this lawsuit. The Court denies Leydig's request for attorney's

fees. Nonetheless, the Court cautions Mac Naughton and Casco Bay that any attempt to bring another lawsuit against Leydig based on these same allegations may be considered sanctionable conduct. *See Secrease v. W. & S. Life Ins. Co.,* 800 F.3d 397, 401 (7th Cir. 2015) ("A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'") (citation omitted).

## BACKGROUND

The Court takes judicial notice of the prior federal lawsuits in the Northern District of Illinois that form the basis of Mac Naughton's and Casco Bay's First Amended Cross-Claims and Third-Party Claims. *See Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 545 (7th Cir. 2014) (courts "may take judicial notice of publicly available records of court proceedings"). These lawsuits include *Russian Media Group LLC v. Cable Am.*, No. 06 C 3578 (N.D. Ill. June 30, 2006) ("RMG"), and *USA Satellite & Cable, Inc. v. North Am. Cable Equip., Inc.*, No. 09 C 2067 (N.D. Ill. Mar. 12, 2009) ("NACE"). In the first lawsuit, RMG sued Cable America, Inc., and USA Satellite and Cable, Inc. (collectively "USA Satellite"), as well as Shai Harmelech, an owner of USA Satellite. Mac Naughton, a New Jersey attorney, initially represented USA Satellite in the RMG matter and Leydig was local counsel. The record and Mac Naughton's allegations reveal that Mac Naughton exceeded the litigation budget in the RMG matter resulting in a fee dispute between USA Satellite and Mac Naughton in the amount of approximately $100,000. In his First Amended Cross-Claims and Third-Party Claims, Mac Naughton alleges that he and USA Satellite entered into an amended agreement that USA Satellite would pay him the remaining $65,000 owed for his legal representation in RMG.

In the predicate lawsuit, USA Satellite successfully sued North America Cable Equipment ("NACE") for breach of contract. More specifically, on May 2, 2011, the district judge granted in part USA Satellite's summary judgment motion, and on August 29, 2011, the district court entered final judgment in the amount of $163,146.49. To prosecute its appeal, NACE posted a $181,592.60 supersedeas bond, which included 11% interest on the final judgment amount. Prior to the appellate oral argument, however, the parties settled the case and NACE agreed to pay the $181,592.60 bond amount to USA Satellite's attorneys at Leydig. In that lawsuit, Mac Naughton attempted to intervene and seize the $181,592.60 based on his alleged security interest in relation to the RMG matter, but the district court denied Mac Naughton's motion to intervene.

Meanwhile, the three related state court cases that Defendants removed from the Circuit Court of Cook County include actions that USA Satellite brought against its then current or former customers. In November and December 2014, USA Satellite and its customers agreed to settle these lawsuits. In the interim, on November 8, 2014, Casco Bay sent a letter to USA Satellite and its customers claiming a security interest in the settlement amounts. According to Casco Bay, on August 8, 2014, it filed a UCC-1 financial statement with the Illinois Secretary of State perfecting its alleged security interest in the collateral of certain property owned by USA Satellite. Before removal of the state court action, USA Satellite filed two claims contesting the validity of the security interest alleging that Mac Naughton, USA Satellite's former attorney,

breached his fiduciary duty to USA Satellite. USA Satellite also alleges a tortious interference of contract claim against both Casco Bay and Mac Naughton. USA Satellite's claims are currently pending in this lawsuit.

After removal, on October 21, 2015, Casco Bay and Mac Naughton filed their First Amended Cross-Claims and Third-Party Claims alleging state law claims against Leydig and others. Casco Bay's and Mac Naughton's claims against Leydig include tortious interference of contract, conversion, civil conspiracy, and breach of contract in relation to the NACE lawsuit. The focus of the present motion to dismiss concerns these Third-Party Claims against Leydig.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). Also, "although a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015).

## ANALYSIS

### I. Third-Party Claims

Under Rule 14(a), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a). The "distinguishing characteristic of a claim brought under Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff." *Louisiana Firefighters' Ret. Sys. v. N. Trust Invest., N.A.,* No. 09 C 7203, 2012 WL 601861, at *2 (N.D. Ill. Feb. 23, 2012). Put differently, a claim under Rule 14(a), also known as impleader, "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant." *Ashley v. Schneider Nat'l Carriers,* Inc., No. 12 C 8309, 2015 WL 4550126, at *4 (N.D. Ill. July 23, 2015). "[I]mpleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common

relationship in one action." 6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1442 (3d ed.).

Here, Casco Bay and Mac Naughton cannot add Leydig as a Third-Party Defendant to this lawsuit because there are no claims that Leydig is liable to Plaintiff USA Satellite for breach of fiduciary duty and tortious interference with contract. In other words, there are no claims in this lawsuit that Leydig is secondarily or derivatively liable as required under Rule 14(a). *See Dultra v. U.S. Med. Home, Inc.,* No. 13 C 7598, 2016 WL 1213763, at *5 (N.D. Ill. Mar. 28, 2016) ("A third-party complaint 'must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff.'") (emphasis in original) (citation omitted); *see also U.S. Gen., Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979) (secondary liability "is a plain condition on the face of Rule 14"). Because Casco Bay and Mac Naughton are bringing independent claims against Leydig, Casco Bay's and Mac Naughton's attempt to add Leydig as a third-party is prohibited under Rule 14(a). In addition, Casco Bay's and Mac Naughton's cursory argument that they are seeking to join Leydig under Rule 20(a)(2) fares no better because Rule 20(a)(2) concerns cross-claims and counter-claims, *see* Federal Rule of Civil Procedure Rule 13(h), and, as discussed directly above, Leydig is not a party to the original action. *See* 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1435 (2d ed.). Instead, only Mac Naughton, Casco Bay, and USA Satellite are parties to the original action. The Court therefore grants Leydig's motion to dismiss on this basis.

## II.     Statute of Limitations

Next, Leydig argues that all of the remaining claims against it are time-barred under the two-year statute of limitations set forth in 735 ILCS 5/13-214.3(b), which states:

> An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

In response, Casco Bay and Mac Naughton argue that they are not bringing a malpractice claim, and thus 5/13-214.3(b) does not apply to the circumstances. Illinois courts have firmly rejected this exact argument holding that 5/13-214.3(b) is not restricted to legal malpractice claims. *See 800 S. Wells Commercial, LLC v. Horwood Marcus & Berk Chartered,* 995 N.E.2d 472, 476 (1st Dist. 2013). As the Illinois Appellate Court explained, because "there is no language in the statute restricting its application to legal malpractice claims or claims brought by an attorney's client, the plain language of the statute directs that the two-year limitation applies to all claims against an attorney arising out of acts or omissions in the performance of professional services, and not just legal malpractice claims or claims brought against an attorney by a client." *Id.* Indeed, the Supreme Court of Illinois has held:

4

> The "arising out of" language indicates an intent by the legislature that the statute apply to all claims against attorneys concerning their provision of professional services. There is no express limitation that the professional services must have been rendered to the plaintiff. Nor does the statute state or imply that it is restricted to claims for legal malpractice. Had the legislature wished to do so, it could have limited the statute to legal malpractice actions or to actions brought by a client of the attorney.

*Evanston Ins. Co. v. Riseborough,* 5 N.E.3d 158, 166 (Ill. 2014).

Here, Casco Bay's and Mac Naughton's claims against Leydig concern Leydig's representation of USA Satellite in the NACE action in which the parties settled the lawsuit and Leydig obtained payment for its services. Therefore, this lawsuit falls within the ambit of 5/13-214.3(b) even though Casco Bay and Mac Naughton are not bringing a malpractice claim against Leydig. Moreover, Casco Bay and Mac Naughton do not dispute that their claims against Leydig accrued in 2012, and it is further undisputed that Casco Bay and Mac Naughton originally brought their present claims against Leydig on September 15, 2015. Accordingly, Casco Bay's and Mac Naughton's claims against Leydig are untimely under the two-year limitations period set forth in 5/13-214.3(b).

Nevertheless, Casco Bay and Mac Naughton argue that the five-year limitations period set forth in 735 ILCS 5/13-205 applies. Section 13-205 is the statute of limitations that pertains to "all civil actions not otherwise provided for." *Henderson Square Condo. Ass'n v. LAB Townhomes, LLC*, 46 N.E.3d 706, 720 (Ill. 2015). Since the Supreme Court of Illinois' decision in *Evanston*, however, the Illinois Appellate Court has rejected this specific argument. *See Ritchie Capital Mgmt., L.L.C. v. Fredrickson & Byron, P.A.,* 2015 WL 1445681, at *7 (1st Dist. Mar. 27, 2015). The Court therefore grants Leydig's motion to dismiss based on the two-year limitations period.

### III. Conduct in Prior Litigation

Last, Casco Bay's and Mac Naughton's claims against Leydig are based Leydig's conduct in relation to the prior NACE lawsuit, and, under Illinois law, "[t]here is no civil cause of action for misconduct which occurred in prior litigation." *O'Callaghan v. Satherlie,* 36 N.E.3d 999, 1009 (1st Dist. 2015) (quoting *Harris Trust & Savings Bank v. Phillips,* 154 Ill.App.3d 574, 585, 107 Ill.Dec. 315, 506 N.E.2d 1370 (1st Dist. 1987)). Rather, the "parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation" otherwise, "litigation would never end." *O'Callaghan*, 36 N.E.3d at 1009. Under Illinois law, "it is also improper for a trial court to review previous litigation which has gone on before another judge." *Harris Trust,* 154 Ill.App.3d at 585.

Indeed, in the prior NACE litigation, Mac Naughton attempted to redress his alleged injuries by moving to intervene to protect his "security interest" in the August 2011 NACE

5

judgment. (09 C 2067, R. 186, 188.) On July 25, 2012, District Judge Ronald Guzman denied Mac Naughton's motion to intervene concluding that Mac Naughton had no direct interest in the relevant contracts or breach of contract issues being litigated. *See Thompson v. United States,* 268 F.R.D. 319, 322 (N.D. Ill. 2010) (intervention of right denied for movant simply trying to "protect its ability to collect its debt.") (R. 223, 7/25/12 Order, at 2.) In sum, Mac Naughton's and Casco's present repeated attempt to collect judgment in the NACE litigation contravenes Illinois law that "[t]here is no civil cause of action for misconduct which occurred in prior litigation." *O'Callaghan,* 36 N.E.3d at 1009. The Court grants Leydig's motions to dismiss on this basis, as well.

**Dated:** June 14, 2016

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**