IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| USA SATELLITE & CABLE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15 C 6331 |
| W. JAMES MAC NAUGHTON and ) | |
| CASCO BAY HOLDINGS, LLC, ) | Judge Amy J. St. Eve |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| W. JAMES MAC NAUGHTON and ) | |
| CASCO BAY HOLDINGS, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| USA SATELLITE & CABLE, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## ORDER

The Court, in its discretion, exercises its inherent authority and stays this lawsuit pending the outcome of the parties' related lawsuit in District Court of New Jersey, *Mac Naughton v. Harmelech,* No. 09 C 5450, in interests of judicial economy. *See Dietz v. Bouldin,* ___ S.Ct. ___, 2016 WL 3189528, at *4 (U.S. June 9, 2016) ("this Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citation omitted). The Court denies all pending motions without prejudice to renew after the stay is lifted. Status hearing set for July 13, 2016 is stricken and reset to December 15, 2016 at 8:30 a.m.

## STATEMENT

On July 20, 2015, Defendants Casco Bay Holdings, LLC ("Casco Bay") and W. James Mac Naughton ("Mac Naughton"), the owner and President of Casco Bay, removed three related lawsuits from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. On October 21, 2015, Defendant Casco Bay filed its First Amended Cross-Claims and Third-Party Claims, and, on February 22, 2016, Mac Naughton filed Counter-Claims

and Third-Party Claims that include claims against Counter-Defendant USA Satellite and its owner Shai Harmelech.

## BACKGROUND

The present lawsuit involves a fee dispute between USA Satellite and Mac Naughton, a New Jersey attorney who represented USA Satellite in *Russian Media Group LLC v. Cable Am.*, No. 06 C 3578 (N.D. Ill. June 30, 2006) ("RMG") litigated in the United States District Court for the Northern District of Illinois. The Court presumes familiarity with the approximately ten other lawsuits Mac Naughton and Casco Bay have brought against USA Satellite, Harmelech, and their customers to collect Mac Naughton's RMG attorney's fees and expenses, especially cases in the Northern District of Illinois, 09 C 2067, 14 C 10016, and 14 C 10134, and Mac Naughton's action in the District Court of New Jersey that is still pending. The Court takes judicial notice of the parties past and current lawsuits. *See Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 545 (7th Cir. 2014) (courts "may take judicial notice of publicly available records of court proceedings").

In the RMG lawsuit that took place in the Northern District of Illinois, RMG sued Cable America, Inc., USA Satellite and Cable, Inc. (collectively "USA Satellite"), as well as Harmelech. USA Satellite and Harmelech retained Mac Naughton as their attorney in May 2009, and, on September 24, 2009, Mac Naughton filed a motion to withdraw as their attorney. (06 C 3578, R. 317). In his motion to withdraw, Mac Naughton stated that: (1) in June and July 2009 USA Satellite delivered three checks to him totaling $37,000 to pay for his legal fees and expenses, but that those checks were returned by USA Satellite's bank for insufficient funds; (2) on August 10, 2009, Mac Naughton sent a letter by regular mail and certified mail to USA Satellite demanding payment for the bad checks; and (3) on August 12, 2009, USA Satellite executed a Promissory Note and Security Agreement in which USA Satellite would pay Mac Naughton $65,879 with interest at 12% in monthly installments over seven months. (*Id*. ¶¶ 2-4.) Mac Naughton further averred that – at the time of his motion to withdraw – the full amount of the unpaid balance was due and owing pursuant to the terms of the August 2009 Security Agreement. (*Id*.) The RMG court denied Mac Naughton's motion for leave to withdraw on October 20, 2009.

After the district court in the Northern District of Illinois denied Mac Naughton's motion for leave to withdraw in the RMG matter, Mac Naughton commenced an action against USA Satellite and Harmelech in the United States District Court for New Jersey in *Mac Naughton v. Harmelech,* No. 09 C 5450 ("New Jersey Action"). In the New Jersey Action, Mac Naughton seeks to collect the attorney's fees and expenses due and owing by USA Satellite and Harmelech in the RMG action.[1] (06 C 3578, R. 381.) Early in the New Jersey action, the district court

---

[1] During the New Jersey Action, Mac Naughton formed Casco Bay Holdings, LLC to "preserve [his] ability to collect legal fees for the time I expect to devote to prosecuting the Secured Note Claims as attorney for Casco Bay." (09 C 5450, R. 322-1, Cert. ¶ 7.)

concluded that the August 12, 2009 Security Agreement "did not create a security interest in Defendants' real property under either the Illinois Commercial Code or common law." *Mac Naughton v. Harmelech,* No. 09 C 5450, 2010 WL 3810846, at *4 (D.N.J. Sept. 22, 2010). Mac Naughton then sought leave to amend his complaint by adding a claim based on a First Amendment to the Security Agreement that Mac Naughton unilaterally drafted. (09 C 5450, 3/30/12, Order at 6.) In denying the motion to amend the complaint to add a claim based on this amended agreement, the New Jersey district court held that Mac Naughton acted in bad faith:

> Plaintiff has failed to direct this Court to any case law in support of his contention that he is entitled to unilaterally amend the central agreement to a litigation after that litigation has commenced, much less after that agreement has been deemed invalid. Again, the Court does not reach a decision on whether the Security Agreement actually provides Plaintiff the authority to unilaterally alter its terms prior to suit. This Court already found the Security Agreement to be invalid and any efforts to change the terms of that agreement to circumvent this Court's ruling flies in face of notice, fair play, and finality. Moreover, amending the central document to the original complaint during the pendency of litigation suggests ill intent of behalf of the Plaintiff.

(*Id.*) The New Jersey Action remains pending and is at the summary judgment stage.

Meanwhile, in the RMG lawsuit, the parties entered into settlement negotiations, and, on April 28, 2011, Harmelech, USA Satellite, and RMG entered into a settlement agreement. (R. 37, First Am. Cross-Claims ¶¶ 26, 30.) Relevant to the present lawsuit, the settlement agreement included that USA Satellite would provide RMG with a security interest in its receivables. (R. 37-2, Settlement Agm't ¶ 5.) The RMG district court then entered a stipulated judgment on May 23, 2011 in the amount of $286,374.76. (06 C 3578, R. 498.) Thereafter, Mac Naughton bought from RMG the interests in collecting on the settlement reached in the RMG action in the Northern District of Illinois. (15 C 6331, 3/6/15, Holderman Tr., at 5.) When conducting an evidentiary hearing on Defendants' motion to disqualify Mac Naughton in Northern District of Illinois cases 14 C 10016 and 14 C 10134, Judge Holderman stated that Mac Naughton "took the adverse position to his former client by obtaining the right to collect on behalf of Russia Media Group, his adversary, against his former client or clients." (*Id.*, Holderman Tr., at 5.) On September 24, 2015, Casco Bay and Mac Naughton voluntarily dismissed case number 14 C 10134, and then filed the present counter-claims, cross-claims, and third-party claims against USA Satellite, Harmelech, and others. The Court presumes familiarity with its earlier orders in this lawsuit. Last, case number 14 C 10016 remains pending in front of District Judge Darrah.

## ANALYSIS

In the present counterclaims before this Court, Casco Bay and Mac Naughton bring causes of action in an attempt to collect the amount USA Satellite and Harmelech allegedly owe Mac Naughton in legal expenses and fees in relation to the RMG litigation. These claims concern the amended security agreement discussed by the district court in New Jersey Action, a

settlement amount in *USA Satellite & Cable, Inc. v. North Am. Cable Equip., Inc.*, No. 09 C 2067 (N.D. Ill. Mar. 12, 2009) ("NACE") – in which the district court denied Mac Naughton's motion to intervene, UCC financial statements regarding the NACE settlement amount, the RMG settlement agreement, and certain receivables identified as the "Alden Collateral."

The three related state court cases that Casco Bay and Mac Naughton removed from the Circuit Court of Cook County include actions that USA Satellite brought against its then current or former customers. In November and December 2014, USA Satellite and its customers agreed to settle these lawsuits. In the interim, on November 8, 2014, Casco Bay, as intervenor, sent a letter to USA Satellite and its customers claiming a security interest in the Illinois state court settlement amounts. This alleged security interest is related to the fees USA Satellite and Harmelech allegedly owe Mac Naughton for his legal representation in the RMG lawsuit in the Northern District of Illinois. In any event, according to Casco Bay, on August 8, 2014, it filed a UCC-1 financial statement with the Illinois Secretary of State perfecting its alleged security interest in the collateral of certain property owned by USA Satellite. Before removal of the state court action, USA Satellite filed two claims against Mac Naughton and Casco Bay contesting the validity of the security interest alleging that Mac Naughton breached his fiduciary duty to USA Satellite. USA Satellite also alleged a tortious interference of contract claim against both Casco Bay and Mac Naughton. These two claims remain pending in this lawsuit.

As mentioned, the New Jersey Action remains pending and USA Satellite's motion for summary judgment is fully briefed. In that lawsuit, Mac Naughton alleges in his First Amended Complaint that as of August 12, 2009, USA Satellite and Harmelech owed him $65,879 for unpaid legal fees and expenses arising out Mac Naughton's representation in the RMG lawsuit. His claims are based on breach of contract, fraud, violations of the Illinois "bad check statute," and certain equitable remedies. Specifically, Mac Naughton alleges that the parties executed a promissory note and security agreement and that he filed a UCC financing statement regarding the promissory note and agreement. In sum, Mac Naughton brings these claims to recover the unpaid legal fees and expenses in relation to the RMG matter.

In this lawsuit, Mac Naughton seeks the unpaid legal fees and expenses related to his representation of USA Satellite in the RMG matter, and thus his claims in this action and the New Jersey Action overlap. Because there is a strong possibility that the resolution in the New Jersey Action will moot many – if not all – of the parties' claims, the Court, in its discretion, stays the present action pending the outcome of *Mac Naughton v. Harmelech,* No. 09 C 5450. *See Dietz*, 2016 WL 3189528, at *4; *Ryan v. Gonzales,* 133 S. Ct. 696, 708 (2013).

**Dated:** June 16, 2016

**AMY J. ST. EVE**
**United States District Court Judge**

4