IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| USA SATELLITE & CABLE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 6331 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| W. JAMES MAC NAUGHTON and ) | |
| CASCO BAY HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court denies Defendants' motions to dismiss Plaintiff's two-count Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). [141, 144.] Defendants shall answer by 4/13/17.

## STATEMENT

In July 2015, Defendants Casco Bay Holdings, LLC ("Casco Bay") and W. James Mac Naughton ("Mac Naughton") removed three related lawsuits from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. The three related cases that Defendants removed included actions that Plaintiff USA Satellite & Cable, Inc. ("USA Satellite") brought against its customers. Prior to these state court collection actions settling, Casco Bay claimed a security interest in the settlement proceeds and requested that the settling customers pay Casco Bay directly in lieu of paying USA Satellite. The customers then interplead the settlement proceeds naming both Casco Bay and USA Satellite as interpleader defendants. In answering the interpleader complaint, USA Satellite filed a two-count Counterclaim against Casco Bay and Mac Naughton. Before the Court are Casco Bay's and Mac Naughton's motions to dismiss the Counterclaim under Rule 12(b)(6). For the following reasons, the Court denies Defendants' motions.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations

must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

In essence, the present lawsuit involves a fee dispute between USA Satellite and Mac Naughton, a New Jersey attorney, who represented USA Satellite in *Russian Media Group LLC v. Cable Am.*, No. 06 C 3578 (N.D. Ill. June 30, 2006) ("RMG"), that was litigated in the United States District Court for the Northern District of Illinois. The Court presumes familiarity with the numerous other lawsuits Mac Naughton and Casco Bay have brought against USA Satellite, its owner Shai Harmelech, and their customers to collect the outstanding RMG attorney's fees and expenses, including Mac Naughton's action in the District Court of New Jersey that was decided on July 13, 2016. The Court takes judicial notice of the parties' past and current lawsuits. *See Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 545 (7th Cir. 2014) (courts "may take judicial notice of publicly available records of court proceedings"); *see, e.g., White v. Keely,* 814 F.3d 883, 886 (7th Cir. 2016).

Here, according to the Counterclaim, USA Satellite alleges that when it first retained Mac Naughton, it told him the budget for the RMG litigation was $100,000. (R. 6-2, Ex. B, Counterclaim ¶ 10.) Nevertheless, Mac Naughton billed USA Satellite approximately $108,000 for only ten weeks of work. (*Id*. ¶ 11.) Thereafter, USA Satellite fired Mac Naughton. (*Id*. ¶ 12.) Although USA Satellite was making monthly payments of $5,000 to $8,500 to pay off the balance due to Mac Naughton, USA Satellite maintains that Mac Naughton threatened to file lawsuits against it and divulge confidential information if USA Satellite did not pay him. (*Id*. ¶¶ 13, 14.) Starting in October 2009, Mac Naughton began filing numerous lawsuits against USA Satellite and Shai Harmelech to collect his RMG fees and costs. (*Id.* ¶¶ 16, 20.) Also, USA Satellite alleges that on October 30, 2013, Mac Naughton formed Casco Bay to collect attorney's fees against it and on November 1, 2013, Mac Naughton transferred his rights in the New Jersey actions to Casco Bay – after the federal district court in New Jersey informed Mac Naughton that he could not collect attorney's fees if he represented himself pro se. (*Id*. ¶¶ 25, 26.)

On May 11, 2015, USA Satellite filed the present Counterclaim alleging a breach of fiduciary duty claim against Mac Naughton and a tortious interference with contract claim against both Casco Bay and Mac Naughton. In particular, USA Satellite alleges that one of its largest customers is Alden Management Services ("Alden") and that it and Alden entered into contractual relationships for business and services. (*Id.* ¶¶ 44, 45.) Further, USA Satellite alleges that Mac Naughton and Casco Bay knew of these contractual relationships. (*Id*. ¶ 46.) According to Plaintiff, Mac Naughton and Casco Bay were also aware that USA Satellite's law firm, Leydig, Voit & Mayer, Ltd. ("Leydig") had a business and fiduciary relationship with it.

2

(*Id.* ¶¶ 47, 48.) USA Satellite alleges that on August 8, 2014, Mac Naughton and Casco Bay sent a letter to Alden ("Alden letter") stating that Casco Bay had the right to receive any funds that Alden owes Plaintiff under an Illinois UCC Financial Statement despite the fact that Defendants did not have the right to receive any such funds. (*Id.* ¶ 50.) As a result of Mac Naughton's and Casco Bay's conduct, Alden refused to pay USA Satellite the outstanding invoices for its services. (*Id.* ¶ 53.)

Meanwhile, on December 18, 2014, Mac Naughton and Casco Bay filed a federal lawsuit against USA Satellite, Alden, and Leydig for breach of fiduciary duties and tortious interference with contract in case number 14 C 10134. (*Id.* ¶ 49.) Taking judicial notice of the 2014 lawsuit in federal court, Mac Naughton and Casco Bay based their breach of contract claims on a settlement agreement between a third-party, USA Satellite, and another individual defendant. (*See* 14 C 10134, R. 1, Compl.) On March 17, 2015, the district judge granted USA Satellite's motion to disqualify attorney Mac Naughton from representing Casco Bay because Mac Naughton was engaging in a position that was materially adverse to the interests of his former client – USA Satellite – in a substantially related matter in violation of New Jersey Rule of Professional Conduct 1.9(a). (*Id.*, R. 78, 3/17/15, Order, at 1.) Thereafter, Casco Bay and Mac Naughton attempted to file an interlocutory appeal of the March 17, 2015 order disqualifying Mac Naughton, but the Seventh Circuit dismissed the appeal for lack of jurisdiction on July 27, 2016. Prior to the Seventh Circuit's decision, Casco Bay voluntarily dismissed the 14 C 10134 lawsuit.

## ANALYSIS

### I. Breach of Fiduciary Duty Against Mac Naughton – Counterclaim I

In their legal memoranda, the parties do not dispute that Illinois law governs USA Satellite's claims. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies."). Under Illinois law, a "fiduciary relationship exists as a matter of law between an attorney and his or her client and it is incumbent upon the attorney to exercise the utmost good faith and fairness in dealing with the client." *Lustig v. Horn,* 315 Ill. App. 3d 319, 325-26 (1st Dist. 2000). "When in the course of his professional dealings with a client, an attorney places his personal interest above the interest of the client, the attorney is in breach of his fiduciary duty by reason of the conflict." *Kling v. Landry,* 292 Ill. App. 3d 329, 336 (2d Dist. 1997).

First, Mac Naughton and Casco Bay argue the Court must dismiss Plaintiff's Counterclaims because they are protected by the absolute litigation privilege. Under Illinois law, the absolute attorney litigation privilege is based on § 586 of the Restatement (Second) of Torts that provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the

> institution of, or during the course and as part of, a judicial proceeding in which he
> participates as counsel, if it has some relation to the proceeding.

*O'Callaghan v. Satherlie*, 36 N.E.3d 999, 1008, 394 Ill.Dec. 708 (1st Dist. 2015) (quoting Restatement (Second) of Torts § 586 (1977)); *see also Stein v. Krislov,* 999 N.E.2d 345, 356, 376 Ill.Dec. 462, 473 (1st Dist. 2013).

Mac Naughton's and Casco Bay's argument fails as a matter of law because Illinois law limits the scope of the absolute litigation privilege to defamation or false light actions. *See Scheib v. Grant,* 22 F.3d 149, 156 (7th Cir. 1994); *Conditioned Ocular Enhancement, Inc. v. Bonaventura,* 458 F. Supp. 2d 704, 708 (N.D. Ill. 2006); *Zdeb v. Baxter Int'l, Inc.*, 297 Ill.App.3d 622, 629, 697 N.E.2d 425, 430, 231 Ill.Dec. 871 (1st Dist. 1998); *see, e.g., Turubchuk v. E.T. Simonds Constr. Co.*, No. 12 C 0594, 2017 WL 480738, at *3 (S.D. Ill. Feb. 3, 2017) ("This privilege is limited to protection against defamation and false light actions, neither of which do Plaintiffs assert in the instant action."). Furthermore, Mac Naughton does not argue – let alone establish – that the Court should extend the absolute litigation privilege to USA Satellite's breach of fiduciary duty and tortious interference claims. *Cf. Zdeb,* 297 Ill. App. 3d at 629 (Illinois courts have not extended the section 586 privilege to claims for intentional interference with prospective economic advantage."). Moreover, the absolute litigation privilege applies to attorneys, and thus does not extend to a corporate client such as Casco Bay. *See id.*; *see also Steffes v. Stepan Co.,* 144 F.3d 1070, 1075 (7th Cir. 1998). As such, the absolute litigation privilege does not apply under the circumstances of this case.

Next, Mac Naughton argues that USA Satellite has failed to sufficiently allege its breach of fiduciary duty claim under the federal pleading standards set forth in *Iqbal* and *Twombly*. To the contrary, USA Satellite has sufficiently alleged that Mac Naughton, as USA Satellite's and Harmelech's attorney in the RMG matter, had a fiduciary duty to them, obtained confidential information from them, and then used that confidential information to interfere with USA Satellite's customer Alden. Under these allegations, USA Satellite has stated a facially plausible claim for relief that Mac Naughton placed his personal interest above the interest of his clients, USA Satellite and Harmelech. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Also, Mac Naughton argues that USA Satellite's breach of fiduciary duty claim is untimely under the limitations period set forth in 735 ILCS 5/13-214.3(b), "which provides that an action for damages against an attorney based on tort, contract, or otherwise arising out of an act or omission in the performance of professional services must be commenced within two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." *Muzumdar v. Cooney,* No. 10 C 0884, 2011 WL 10455214, at *3 (2d Dist. June 29, 2011); *see also Barratt v. Goldberg,* 296 Ill. App. 3d 252, 256 (1st Dist. 1998). Because USA Satellite bases its breach of fiduciary duty claim on Mac Naughton's conduct that occurred within the two-year limitations period, including Mac Naughton's use of confidential information to further his own personal interests, the breach of

4

fiduciary duty claim is timely under 735 ILCS 5/13-214.3(b).

Similarly, because USA Satellite bases its breach of fiduciary duty claim on more than Mac Naughton's and Casco Bay's numerous lawsuits against it, the argument that the only claims USA Satellite can bring under the circumstances are malicious prosecution or abuse of process claims is also without merit. *See Havoco of Am., Ltd. v. Hollobow,* 702 F.2d 643, 647 (7th Cir. 1983) ("Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process.").

## II.     Tortious Interference with Business Contract – Counterclaim II

USA Satellite also brings a tortious interference with contract claim against both Casco Bay and Mac Naughton. Under this theory of liability, USA Satellite must eventually establish: (1) the existence of a valid and enforceable contract between it and another; (2) Defendants' awareness of this contractual relation; (3) Defendants' intentional and unjustified inducement of a breach of the contract; (4) Defendants' wrongful conduct cause the other party to breach the contract and (5) damages. *See Healy v. Metro. Pier & Exposition Auth.,* 804 F.3d 836, 842 (7th Cir. 2015) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 154-55, 137 Ill.Dec. 19, 545 N.E.2d 672, 676 (1989)).

In his motion to dismiss, Mac Naughton argues that USA Satellite has failed to allege its tortious interference with contract claim under the federal pleading standards. Mac Naughton's argument fails because USA Satellite has sufficiently alleged that Mac Naughton and his alter ego Casco Bay knew that it had a contract with its biggest customer Alden, that Mac Naughton and Casco Bay represented to Alden that they had the right to receive funds that Alden owed USA Satellite, and as a result, Alden refused to pay USA Satellite the outstanding invoices for its services or engage in further business with USA Satellite. In addition, Mac Naughton and Casco Bay filed lawsuits against Alden based on their claims to the outstanding invoices. Again, USA Satellite has satisfied the federal pleading standards. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court therefore denies Defendants' motions to dismiss this claim.

**Dated:** March 30, 2017

**AMY J. ST. EVE**
**United States District Court Judge**

5