# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| USA SATELLITE & CABLE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15 C 6331 |
| | ) |
| W. JAMES MAC NAUGHTON and | ) |
| CASCO BAY HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The present lawsuit by USA Satellite & Cable, Inc. represents a short chapter in a long saga of litigation involving USA Satellite and its former attorney, W. James Mac Naughton and the corporate entity he operates, Casco Bay Holdings, LLC. USA Satellite has sued Mac Naughton and Casco Bay for breach of fiduciary duty and intentional interference with a business relationship. The defendants have moved for summary judgment.

### Background

The Court presumes familiarity with the lengthy litigation between the parties, which spans multiple suits. USA Satellite was a provider of satellite TV services in New Jersey. Mac Naughton represented USA Satellite in a case litigated in this district. *See Russian Media Grp. LLC v. Cable Am., Inc.*, No. 06 C 3578 (N.D. Ill.) (the RMG litigation). USA Satellite and Mac Naughton began to squabble over his fees, and USA Satellite found other counsel. The RMG litigation ended in a stipulated judgment in

RMG's favor for $261,374, of which USA Satellite paid $141,374. To try to collect on the fees he believed he was owed, Mac Naughton acquired RMG's interest in the remaining judgment. See D.E. 226, Pl.'s Ex. A at 3 (Settlement Agreement and Release). Mac Naughton then filed numerous suits against USA Satellite to collect on the RMG judgment.

In one such suit, Mac Naughton, through Casco Bay, claimed a lien on the settlement of a separate litigation between USA Satellite and several of its customers. To sort out the conflicting claims, the customers filed an interpleader naming USA Satellite and Casco Bay. In the interpleader, USA Satellite filed claims against Casco Bay and Mac Naughton, giving rise to the present suit. The case was originally assigned to Judge Amy St. Eve. In May 2018, the case was reassigned to the undersigned judge.

## Discussion

The defendants have moved for summary judgment on USA Satellite's claims. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted if the non-moving party cannot "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**A.    Breach of fiduciary duty**

The Court first considers USA Satellite's breach of fiduciary duty claim. To prevail on a claim for breach of fiduciary duty, the plaintiff must prove (1) the existence

of a fiduciary duty, (2) breach, and (3) damages proximately caused by the breach. *Huang v. Brenson*, 2014 IL App (1st) 123231 ¶ 44, 7 N.E.3d 729, 739. It is undisputed that Mac Naughton, as an attorney, owed a fiduciary duty to his client, USA Satellite. *In re Gerard*, 132 Ill.2d 507, 529, 548 N.E.2d 1051, 1059 (1989) (in Illinois, an attorney-client relationship imposes a fiduciary duty on the attorney as a matter of law). The issue is whether a reasonable jury could find, as USA Satellite alleges, that Mac Naughton breached that duty by employing confidential information in his litigation against USA Satellite.[1]

The Court concludes no reasonable jury could find in USA Satellite's favor. USA Satellite has certainly presented evidence that Mac Naughton obtained confidential information while serving as counsel: both the owner of USA Satellite and Mac Naughton testified to that fact. *See* D.E. 221, Defs.' Ex. B at 55 (Harmelech Dep.); *id.*, Defs.' Ex. G at 12 (Mac Naughton Dep.). USA Satellite, however, has not presented any evidence by which a reasonable jury could find that Mac Naughton used confidential information to collect the RMG judgment. USA Satellite contends that Mac Naughton knew to sue its customers based on a confidential customer list, but Shai Harmelech, the owner of USA Satellite, concedes that this information was in the public record. *Id.*, Defs.' Ex. B at 120. Beyond generalized allegations of misconduct, USA

---

[1] Both parties conflate Mac Naughton's *fiduciary* duty, grounded in principles of equity and agency, with his *professional* duty, grounded in the standard of care a reasonable attorney would provide. The former underpins a breach of fiduciary duty claim; the latter underlies a legal malpractice claim. *See Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 760, 899 N.E.2d 1252, 1267 (2009) (noting that breach of fiduciary duty and legal malpractice are "conceptually distinct"). "[A] negligence claim for legal malpractice is based in tort, while a claim for breach of fiduciary duty is founded on principles of agency, contract, and equity." *Pippen v. Pedersen & Houpt*, 2013 IL App (1st) 111371 ¶ 28, 986 N.E.2d 697, 705.

3

Satellite has not provided evidence sufficient to permit a reasonable fact finder to determine that Mac Naughton used confidential information in breach of his fiduciary duties to his former client.

USA Satellite presents a second, closely-related argument: Mac Naughton's acquisition of the interest in the RMG judgment itself violated his fiduciary duty. Specifically, USA Satellite contends that Mac Naughton violated his fiduciary duty because, through his interest in the RMG judgment, he would "profit[] at the client's expense through knowledge acquired during his representation of the client." Resp. Mem. in Opp. to Counter-Defs.' Mot. for Summ. J. at 9. But this argument runs aground on the same shoals as the prior argument. USA Satellite has not shown that Mac Naughton relied on confidential information to obtain or prosecute the judgment or that he violated some other fiduciary duty by acquiring and litigating the interest. This distinguishes Mac Naughton from the defendants in the cases upon which USA Satellite relies, as there is no evidence that Mac Naughton relied on confidential information during the litigation of the RMG judgment. *See, e.g.*, *Kelly v. Weir*, 243 F. Supp. 588, 596-97 (E.D. Ark. 1965) (acquiring an interest in property adverse to a former client is inappropriate if "the acquisition is based on knowledge or information obtained in the course of the employment"). In short, USA Satellite has shown neither a breach of Mac Naughton's fiduciary duty nor any damages resulting from the breach, both necessary elements of a claim for breach of fiduciary duty.

Similarly, Court is not persuaded by USA Satellite's reliance on *Oil, Inc. v. Martin*, 381 Ill. 11, 44 N.E.2d 596 (1942). In *Martin*, the attorney, Mary Martin, represented Oil, Inc. in a negotiation to acquire a gas and oil lease from a third party. *Id.* at 13, 597-98.

4

Rather than acquire the lease for Oil, she obtained it for her own use. *Id.* at 17, 599. The Illinois Supreme Court held that Martin's acquisition of a property interest adverse to her own client was a breach of fiduciary duty. *Id.* at 13-14, 598. Martin—who acquired a property interest adverse to her client, while representing the client, and acted based on information obtained during the representation—is unlike Mac Naughton: he did not take an interest that was adverse to his client's property interest, he no longer represented the client, and USA Satellite has no evidence that his conduct was based on confidential information. For these same reasons, the Court does not find compelling *Gaffney v. Harmon*, 405 Ill. 273, 90 N.E.2d 785 (1950), which relies upon *Martin*. *Id.* at 277, 90 N.E. at 788. USA Satellite also relies upon a 114-year-old Sixth Circuit decision, *Garinger v. Palmer*, 126 F. 906 (6th Cir. 1904), which held that an attorney could not undercut the validity of a judgment he helped effect through reliance on privileged information. *Id.* at 915 ("Information privileged when acquired must always be held sacred."). *Garinger* is distinguishable, as a case in which the defendant actually possessed and employed confidential information against his client, something USA Satellite has not shown here.

USA Satellite's remaining arguments do not alter the Court's conclusion. First, USA Satellite notes that Judge James Holderman, in another proceeding, found that Mac Naughton's litigation against USA Satellite violated rules of professional conduct. D.E. 226, Pl.'s Ex. C at 11 (*Casco Bay Holdings, LLC v. Harmelech et al.*, No. 14 C 10016, Mar. 16, 2015 Hr'g Tr.). But neither Illinois nor New Jersey treat an attorney's violation of a rule of professional conduct as legal malpractice. *See Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181 ¶ 34, 90 N.E.3d 1048, 1057; *Camden Iron &*

5

*Metal, Inc. v. Klehr, Harrison, Harvey, Branzberg & Ellers, LLP*, 384 N.J. Super. 172, 178, 894 A.2d 94, 98 (2006).  Second, even if the Court considered Mac Naughton's breach of the professional rules of conduct as professional negligence, the argument conflates Mac Naughton's *professional* duties with his *fiduciary* duties; there is a "subtle and important difference" between the two.  *Wende C. v. United Methodist Church*, 6 A.D.3d 1047, 1055, 776 N.Y.S.2d 390, 397 (2004).  A violation of a professional duty does not necessarily amount to a breach of a fiduciary duty.

Next, USA Satellite attempts to apply to its fiduciary duty claim a presumption used in the context of attorney disqualification proceedings.  When an attorney is alleged to have a conflict of interest in a proceeding based on a prior representation, Illinois applies an irrebuttable presumption that the attorney acquired relevant confidential information in the prior proceeding.  *Franzoni v. Hart Schaffner & Marx*, 312 Ill. App. 3d 394, 403-04, 726 N.E.2d 719, 726 (2000).  The Court acknowledges that there is some support for applying this presumption in the context of a breach of fiduciary duty claim.  *See Morris v. Margulis*, 307 Ill. App. 3d 1024, 1035, 718 N.E.2d 709, 718 (1999), *rev'd on other grounds*, 197 Ill. 2d 28, 754 N.E.2d 314 (2001).  But *Morris* addressed this issue in passing and without analysis.  *Id.*  The Court concludes that the rationale justifying the presumption does not survive once removed from the environment of a disqualification proceeding.  The presumption applies because, in assessing whether disqualification is proper, the law attempts to preclude the *possibility* of a conflict of interest in the subsequent proceeding.  It is a prospective analysis.  *See Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir. 1983) (noting that, in a disqualification proceeding, "the issue is not just whether [confidences] have been

6

revealed but also whether they *will be* revealed during a pending litigation.") (emphasis added); *Bartlett v. Bartlett*, No. 16 C 6595, 2016 WL 7374276, at *2 (N.D. Ill. Dec. 20, 2016) (citing *Analytica*, 708 F.2d at 1266)). But here, the issue is liability, a retrospective analysis. The Court is assessing whether there is evidence that would permit a reasonable jury to find that confidential information *was used* against Mac Naughton's client, not whether such information might be used in the future due to ongoing representation. The Court concludes that the presumption does not apply.

Last, USA Satellite contends that the contract between RMG and the defendants is void *ab initio.* But the contract itself is not at issue in this litigation. Thus the Court need not address this argument.

Having found that USA Satellite has not presented evidence from which a reasonable jury could conclude that he breached his fiduciary duty of confidentiality, the Court does not need to resolve Mac Naughton's other arguments for summary judgment.

**B.    Intentional interference with business relationships**

The Court turns to the plaintiff's second claim. USA Satellite asserts that the defendants intentionally interfered in its business relationships with Alden Management Group, a former customer, by asserting a lien on payments Alden made to USA Satellite. It also asserts that the defendants interfered in its relationship with USA Satellite's former law firm, Leydig Voit & Meyer. To prevail on the intentional interference with business relationship claim, USA Satellite must establish (1) the existence of a valid business relationship, (2) the defendants' knowledge of the relationship, (3) an intentional and unjustified interference inducing breach, and (4)

7

resultant damages. *O'Brien v. State St. Bank & Trust Co.*, 82 Ill. App. 3d 83, 85, 401 N.E.2d 1356, 1357-58 (1980). Though the defendants moved for summary judgment on this claim, USA Satellite did not respond to any of the arguments and therefore may appropriately be found to have conceded the validity of defendants' contentions. The Court therefore briefly reviews this claim for sake of completeness.

First, no reasonable jury could find that Mac Naughton's conduct amounted to an intentional and unjustified interference with the Alden contract. The main evidence of interference is a letter that Mac Naughton sent to Alden. The letter informed Alden that (1) Mac Naughton represented Casco and (2) Casco held a lien entitling it to whatever funds Alden owed USA Satellite. D.E. 226, Pl.'s Ex. F at 2 (Aug. 8, 2014 Mac Naughton letter to Alden). But to establish that the defendant intentionally and unjustifiably interfered in the contract, USA Satellite must show that the defendants engaged in "active persuasion, encouragement or inciting" to produce a breach. *Pampered Chef v. Alexanian*, 804 F. Supp. 2d 765, 802 (N.D. Ill. 2011). Informing a party of a lien must fall short of that standard; otherwise, any attorney seeking to enforce a lien could be liable for intentional interference with contractual relations. USA Satellite did not address this claim in its summary judgment briefing, so it has not pointed the Court to any other evidence by which a reasonable jury could find that the defendants intentionally and unjustifiably interfered.

Second, there is no evidence supporting the contention that the defendants interfered in the relationship between USA Satellite and Leydig Voit; summary judgment is plainly warranted on this point as well. Because no reasonable jury could find that the defendants intentionally interfered in either contractual relationship, the defendants are

entitled to summary judgment.

**Conclusion**

For the foregoing reasons, the Court grants the defendants' motion for summary judgment [dkt. no. 220] and directs the Clerk to enter judgment in favor of defendants W. James Mac Naughton and Casco Bay Holdings, LLC and against plaintiff USA Satellite & Cable, Inc.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 28, 2018