# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| USA SATELLITE & CABLE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15 c 6331 |
| W. JAMES MAC NAUGHTON and CASCO BAY HOLDINGS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

USA Satellite & Cable, Inc. sued its former attorney, W. James Mac Naughton, and a former entity he operates, Casco Bay Holdings, LLC, for breach of fiduciary duty and intentional interference with a business relationship. On August 28, 2018, this Court granted the defendants' motion for summary judgment and entered judgment in their favor. USA Satellite has moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

## Background

The Court presumes familiarity with the lengthy history of litigation involving the parties, which spans multiple suits. USA Satellite was a provider of satellite TV services in New Jersey. Mac Naughton represented USA Satellite in a case litigated in this district. *See Russian Media Grp. LLC v. Cable Am., Inc.*, No. 06 C 3578 (N.D. Ill.) (the RMG litigation). They began to squabble over Mac Naughton's fees, and USA Satellite found other counsel. The RMG litigation ended in a stipulated judgment in RMG's favor

for $261,374, of which USA Satellite paid $141,374. To help collect on the fees he believed he was owed, Mac Naughton acquired RMG's interest in the remainder of the judgment. See D.E. 226-1, Ex. A to Pl.'s Resp. Br .at 3 (Settlement Agreement and Release). Mac Naughton then filed multiple suits against USA Satellite to collect on the RMG judgment.

In one such suit, Mac Naughton, through Casco Bay, claimed a lien on the settlement of a separate litigation between USA Satellite and several of its customers. To sort out the conflicting claims, the customers filed an interpleader case naming USA Satellite and Casco Bay. In the interpleader case, USA Satellite filed claims against Casco Bay and Mac Naughton, giving rise to the present suit. The present case was originally assigned to Judge Amy St. Eve. In May 2018, the case was reassigned to the undersigned judge.

In August 2018, the Court granted the defendants' motion for summary judgment on both of USA Satellite's claims, reasoning that USA Satellite had introduced insufficient evidence to permit a reasonable jury to find that Mac Naughton either used confidential information in the suit against it or interfered with its business relationships. See *USA Satellite & Cable, Inc. v. Mac Naughton* (Summary Judgment Ruling), No. 15 C 6331, 2018 WL 4110745 (N.D. Ill. Aug. 28, 2018).

## Discussion

A party moving to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505-06 (7th Cir. 2016). A manifest error of law occurs when the Court disregards, misapplies, or fails to

recognize controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

A.  **Intentional interference with a business relationship**

In its previous ruling, the Court granted summary judgment for the defendants on count two (a claim for intentional interference with a business relationship) because USA Satellite had not introduced evidence sufficient to permit a reasonable jury to find that Mac Naughton intentionally and unjustifiably interfered in USA Satellite's contract with its client. *See* Summary Judgment Ruling, 2018 WL 4110745, at *3-4. USA Satellite does not contest this aspect of the Court's decision in its motion, and it has therefore forfeited any contention that granting summary judgment on count two was manifestly erroneous.

B.  **Breach of fiduciary duty**

To the extent that USA Satellite's motion simply rehashes arguments the Court considered and rejected in its summary judgment ruling, it is unpersuasive. *See Oto*, 224 F.3d at 606. But USA Satellite also argues that the Court misapplied the law by requiring evidence that Mac Naughton relied on confidential information he obtained from USA Satellite in litigating against the company.

The Court concludes that it analyzed the claim for breach of Mac Naughton's fiduciary duty too narrowly in its previous opinion by focusing almost exclusively on the issue of confidentiality. Although a fiduciary duty encompasses a duty of confidentiality, it more generally requires "fidelity, honesty, and good faith" on the part of the fiduciary. *Huang v. Brenson*, 2014 IL App (1st) 123231, ¶ 44, 7 N.E.3d 729, 739. For an attorney, the duty of loyalty persists, at least with respect to conflicts of interest, even after

termination of the representation. *In re Williams*, 57 Ill. 2d 63, 67, 309 N.E. 579, 581 (1974) (holding that neither the death of a client nor "an attorney's discharge by a client free him to represent adverse interests"). An attorney's ongoing obligation to avoid conflicts of interest with former clients is codified in Model Rule of Professional Conduct 1.9. *See Healy v. Axelrod Constr. Co. Defined Benefit Pension Plan & Tr.*, 155 F.R.D. 615, 620 (N.D. Ill. 1994)*; see also United States v. Fawell*, No. 02 CR 310, 2002 WL 1284388, at *6 (N.D. Ill. June 10, 2002) ("[T]he prohibition against representation of another person in a same or substantially related matter relates both to the lawyer's duty of confidentiality and his or her duty of loyalty to that former client.").

To prevail on a claim for breach of fiduciary duty, the plaintiff must show that such a duty exists, the defendant breached the duty, and the breach proximately caused damages. *Huang,* 2014 IL App (1st) 123231, ¶ 44, 7 N.E.3d at 739.

### 1. Duty

It is undisputed that Mac Naughton owed a fiduciary duty to USA Satellite because he was the company's attorney. *See In re Gerard*, 132 Ill. 2d 507, 529, 548 N.E.2d 1051, 1059 (1989) (holding that an attorney-client relationship imposes a fiduciary duty as a matter of law). Under Illinois law, that duty barred him from representing interests adverse to those of USA Satellite in the same or substantially related litigation even after he withdrew from the representation. *See Williams*, 57 Ill. 2d at 67, 309 N.E. at 581; *Healy*, 155 F.R.D. at 620. A jury could therefore reasonably conclude that Mac Naughton owed a fiduciary duty to the plaintiff.

### 2. Breach

A reasonable jury could conclude that Mac Naughton breached his duty of loyalty

4

to USA Satellite. It is undisputed that Mac Naughton acquired an interest in, and then sought to enforce, a judgment that USA Satellite incurred in a case in which Mac Naughton was the company's lawyer. Model Rule of Professional Conduct 1.9(a) prohibits lawyers who have represented a client in a particular matter from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Model Rules of Prof'l Conduct R. 1.9(a). This rule codifies an attorney's ongoing duty of loyalty to former clients. *Healy*, 155 F.R.D. at 620. The suit to enforce the judgment was plainly adverse to USA Satellite's interests. A jury could reasonably conclude that the suit was substantially related to the previous litigation because it was based upon the judgment incurred in the earlier suit.

The defendants, citing this Court's summary judgment ruling, point out that violating a rule of professional conduct does not necessarily constitute a breach of fiduciary duty. Defs.' Resp., dkt. no. 245, at 2-3; *see also* Summary Judgment Ruling, 2018 WL 4110745, at *3 (citing *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34, 90 N.E.2d 1048, 1056-57). But that distinction does not mean that a violation of a professional obligation is irrelevant to USA Satellite's claim; to the contrary, it is highly relevant because the allegation of breach of fiduciary duty "originate[s] in the basic principle *embodied*" in the rule. *Nagy v. Beckley*, 218 Ill. App. 3d 875, 881, 578 N.E.2d 1134, 1138 (1991) (holding that although ethical rules do not furnish a separate cause of action, they are relevant on the question of an attorney's wrongdoing); *see also In re Jahrling*, 816 F.3d 921, 927 (7th Cir. 2016) ("[A] lawyer's violation of a Rule may be evidence of breach of the applicable standard of conduct.");

5

*Vandenberg*, 2017 IL App (1st) 170181, ¶ 34, 90 N.E.2d 1048, 1056-57 ("[V]iolation of these rules may be relevant to the standard of care in a legal malpractice claim . . . .").

The defendants next argue that Mac Naughton's suit was not the same as or substantially related to the underlying litigation, citing *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F. Supp. 2d 398, 405 (S.D.N.Y. 2003) ("When []'the only connection between this case and the plaintiff's prior representation is the matter of the allegedly unpaid fees,' . . . a substantial relationship has not been demonstrated."). If the only connection between the cases were the fee dispute, the defendants might be correct. In this case, however, Mac Naughton obtained an interest in the judgment against his former client and sought to use it against the company as a way to recover the fees he was putatively owed. This direct relationship between the cases furnishes a much stronger relationship between the cases than in *Lankler*. And although USA Satellite does not cite any cases in which a suit of this type was deemed substantially related, the lack of a specific precedent for Mac Naughton's alleged misconduct does not provide a basis for granting summary judgment in his favor. As Judge Feinerman explained in a parallel case, few cases consider this precise context "likely because no attorney before now has had the audacity to purchase from that attorney's litigation opponent a judgment entered against his or her own client and then attempt to enforce that judgment against the client." *Mac Naughton v. Harmelech*, 338 F. Supp. 3d 722, 728 (N.D. Ill. 2018).

Finally, the defendants argue that they are entitled to summary judgment because USA Satellite has failed to introduce expert testimony to establish that Mac Naughton breached his fiduciary duty. Though such testimony is generally required for

6

claims of legal malpractice, *Barth v. Reagan*, 139 Ill. 2d 399, 407, 564 N.E.2d 1196, 1200 (1990), that requirement does not apply to claims for breach of fiduciary duty. In *Ball v. Kotter*, 723 F.3d 831 (7th Cir. 2013), the Seventh Circuit affirmed a ruling in which the district court granted summary judgment and held that expert testimony is not required for a fiduciary duty claim. *Id.* at 832-33; *see also Ball ex rel. Hedstrom v. Kotter*, 746 F. Supp. 2d 940, 955 (N.D. Ill. 2010) ("Plaintiff's claim for breach of fiduciary duty . . . does not fail for want of expert testimony."). Though *Ball* stops short of expressly stating that the expert testimony requirement does not apply to fiduciary duty claims, the court necessarily accepted that proposition in analyzing the issues. *See Ball*, 723 F.3d at 825, 832-33 (applying the expert-testimony requirement to the legal malpractice claim but not the claim for breach of fiduciary duty). The evidence that Mac Naughton represented an interest adverse to USA Satellite in substantially related litigation is therefore sufficient to permit a reasonable jury to find that he breached his fiduciary duty to the company.

3. **Proximately caused injury**

USA Satellite alleges two injuries in its claim for breach of fiduciary duty: first, Mac Naughton's suit subjected it to significant court costs and legal fees, and second, the breach caused the company to lose the business of its largest customer. *See* USA Satellite's Answer & Counterclaims, dkt. no. 6-2, ¶ 42. The second alleged injury can be disregarded; USA Satellite does not explain how Mac Naughton's alleged breach of fiduciary duty caused the company to lose its customer's business. This injury instead appears to concern USA Satellite's claim for tortious interference with business relationships, on which the Court has already granted summary judgment for the

7

defendants and which USA Satellite does not discuss in its motion.

A reasonable jury could conclude, however, that Mac Naughton's alleged breach proximately caused USA Satellite to incur legal expenses. Wrongfully incurred legal fees are a typical injury in cases alleging both legal malpractice and breach of fiduciary duty. *See, e.g.*, *Pippen v. Pedersen & Houpt*, 2013 IL App (1st) 111371, ¶ 24, 986 N.E.2d 697, 705; *Shaffer v. Respect, Inc.*, No. 97 C 4482, 1999 WL 281345, at *5 (N.D. Ill. Mar. 30, 1999).

The defendants argue that USA Satellite cannot establish causation with respect to its fees because the debt was already outstanding by the time that Mac Naughton acquired it, and that it would therefore have had to pay the same legal fees in a suit to enforce the judgment regardless. But as USA Satellite points out, its original creditor had not attempted to enforce the judgment in the three years between the settlement and Mac Naughton's acquisition. In addition, a jury could reasonably conclude that the suit by Mac Naughton caused USA Satellite to pay more in legal fees than it otherwise would have, both because it had to repeatedly litigate the propriety of his conduct and because Mac Naughton sought to recover the judgment in a very aggressive way, attempting to collect the money in ten separate lawsuits. This evidence is sufficient to give rise to a genuine factual dispute regarding whether the defendants proximately caused an injury to USA Satellite.

Because a jury could reasonably find in favor of USA Satellite on each element of its claim for breach of fiduciary duty, the Court concludes that its analysis with respect to that claim in its summary judgment ruling was manifestly erroneous and that there are genuine issues of material fact precluding summary judgment on the fiduciary duty

claim.

## Conclusion

For the foregoing reasons, the Court grants the plaintiff's motion to alter or amend [dkt. no. 233]. The judgment entered on August 29, 2018 is vacated. The Court's order of August 28, 2018 is amended to reflect that defendants' motion for summary judgment is granted on plaintiff's claim in count two for intentional interference but denied on plaintiff's claim in count one for breach of fiduciary duty. The case is set for a status hearing on January 9, 2019 at 9:30 a.m. for the purpose of setting a prompt trial date.

_____
　　　　　　　　　　　　　　　　MATTHEW F. KENNELLY
　　　　　　　　　　　　　　　　United States District Judge

Date: January 6, 2019